```
_____ FILED      _____ ENTERED
_____ LOGGED    _____ RECEIVED
```

JUL 0 1 2011

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY BCF  DEPUTY

REBECCA MOORE

Plaintiff

CIVIL ACTION NO

RDB11CV1831

V.

CBE GROUP, INC.

Defendant

JUNE 30, 2011

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, sues Defendant a licensed Maryland collection agency and alleges:

### I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 D.S.C. §1337.

### III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Annapolis, MD.

4. At all times material hereto, Defendant, CBE Group, Inc. ("Collection Agency), was a Maryland licensed Collection Agency, doing business in Maryland.

5. At all times material hereto, Defendant, was a collection agency with a principal place of business at 131 TOWER PARK DRIVE, SUITE 100, WATERLOO, IA 50701-0000

6. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

7. For an extended period of time, Defendant acted as collection agency for Verizon in the State of Maryland.

8. In the course of its representation of Verizon, Defendant regularly collected or attempted to collect monies from consumers for delinquent cable accounts.

9. On or about October 22, 2010 Defendant sent or caused to be sent to Ms. Moore written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies for Verizon purportedly owed by Ms. Moore to the creditor. ("Initial Collection Communication").

10. A true and correct copy of the Initial Collection Communication, is attached hereto and incorporated by reference as Exhibit "1."

11. Through the Initial Collection Communication, Defendants failed to provide a a proper disclosure of the rights of consumers such as Ms. Moore to obtain debt validation under the FDCPA ("Validation Disclosure").

12. The Fair Debt Collection Practices Act §1692g (3) requires and refers to the (30) day period beginning, one day after the consumer debtors receipt of the collection letter. *See* 1692g (3) "a statement that unless the consumer, within thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

13. Defendant in its collection letter dated (Exhibit "1") advised the Plaintiff pursuant to §1692g (4) that ""*If you notify this office in writing **within 30 days from receiving this notice** that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.*"

14. Defendant shortened the validation period by one day and violated 1692g (4), which requires "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

## V. DEFENDANTS' PRACTICES

15. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "1" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers validation of the debt. .

16. It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "1" to consumers wherein Defendant charged or attempted to charge fees for service or equipment which the Defendant were not entitled to recover from consumers such as Ms. Moore.

17. A true and correct copy of the Plaintiff's credit report is attached hereto and incorporated by reference as Exhibit "2."

18. The credit report discloses an amount charged off by Verizon Maryland in the amount of $37.00 as of October 2008.

19. The Defendant attempted to collect $41.71 and added a collection fee to the amount of the alleged debt disclosed on Plaintiff's credit report, last updated nearly two years later on April 2010 by Verizon Maryland.

## VI. ALLEGATIONS OF LAW

### A. General

20. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

21. At all times material hereto, Verizon Maryland represented by Defendant were "creditor(s)" as said term is defined under 15 U.S.C. §1692a (4).

22. At all times material hereto, the Verizon fees purportedly owed to Verizon represented by Defendant were a "debt" as said term is defined under 15 U.S.C. §1692a (5).

### A. Unlawful Claim

23. With respect to the attempt by Defendant to collect more than the alleged amount of the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

   a. the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e, e(2)(A); and

   b. the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f (1)

24. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

25. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, an individual, requests judgment be entered in his favor against Defendant for:

    A.    Actual and statutory damages pursuant to 15 U.S.C. §1692k;

    B.    An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

    C.    Such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com